Joan W. Baldridge, Director Dept. of Arkansas Heritage 200 E. Markham Suite 200 Little Rock, AR 72201
Dear Ms. Baldridge:
This is in response to your request for an opinion on several questions pertaining to the Loughborough Trust ("Trust") of the Arkansas Territorial Restoration. You have asked, specifically, whether the Trust is a "cash fund" as defined in A.C.A.19-4-801(2), and whether the Trust can be declared and used as a "donation fund." You note, with regard to the second question, that donations to the Arkansas Territorial Restoration Commission ("ATRC") have been routed through the Trust, usually for specific projects. You have asked whether this is proper, and if not, under what conditions might it be; and, if not proper at all, what procedures might be followed to set up an exempt donation fund.
In response to your first question, it should be initially noted that the definition of "cash funds" under A.C.A. 19-4-801(2) includes "all moneys . . . held by or owned by any state agency which are not on deposit with or in the trust of the State Treasurer." While this definition would appear at first glance to encompass the Trust in question, the exemptions contained in19-4-803 must also be considered. Section 19-4-803(1) states in pertinent part that "memorials, endowments, bequests, gifts, and donations made to any state agency other than for normal operation of the agency . . . and any other funds determined by the Chief Fiscal Officer of the State or the General Assembly, to be held in trust, and on deposit in a financial institution other than the State Treasury shall be exempt from the provisions of this subchapter." [Emphasis added.]
It may be successfully contended that the Trust in this instance, the net income of which "shall be used for the maintenance, repair, expansion, furnishing and improvement of the Territorial Capitol"[1] constitutes a bequest or donation "other than for normal operation of the agency." Of perhaps greater significance, however, is the fact that the Department of Finance and Administration has determined that the items of the bequest of the Trust exempts the funds from Act 5 of 1975 (A.C.A. 19-4-801 et seq.)[2] This exemption would appear to fall within the Chief Fiscal Officer's authority under A.C.A. 19-4-803(a), supra.
In response to your second question, the Will of Louise W. Loughborough states at paragraph 8 that the property therein divised to the ATRC is to be held "IN TRUST for the uses and purposes and subject to the following terms and conditions . . ." The Will does not suggest that the Trust may be declared and used generally as a "donation fund," nor are we aware of any authority supporting such a declaration by the ATRC or any other body. Prudence would, it seems dictate that other donations not be commingled with the Trust funds whose uses and purposes have been specified. Even if the donated funds were otherwise exempt from the cash funds provisions of A.C.A. 19-4-801 et seq., the Loughborough Trust should, in my opinion, be separately maintained, if for no other reason that the dictates of the Will. This procedure will, moreover, provide greater assurance that the funds will be used for the stated purposes.
With regard to the creation of a separate exempt donation fund, it must be recognized that the funds will only be exempt from the cash funds requirements if they fall within one of the exemptions under A.C.A. 19-4-803. With regard to such funds, the creation of a distinct "donation fund" in accordance with general deposit procedures would, in my opinion, be appropriate.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Last Will and Testament of Louise W. Loughborough dated January 31, 1957, paragraph 8(a).
[2] See letter to Bill Worthen, Arkansas Territorial Restoration, from John E. Hale, Administrative Office of Accounting, Department of Finance and Administration (copy enclosed). Arkansas Department of Finance and Administration Office of Accounting January 7, 1980 Bill Worthen Arkansas Territorial Restoration 3rd Scott Streets Little Rock, Arkansas 72201 RE: Louise Loughborough Trust Dear Mr. Worthen: In our opinion, the items of the bequest of the Loughborough Trust exempts the funds from Act 5 of 1975, as amended. If you have any questions, or if we can be of further assistance, please let us know. Sincerely, /s/ John E. Hale, Administrator Office of Accounting